# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## No. 3:05-CV-00479

| | |
|---|---|
| DODFORD LAW, | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) ORDER |
| CONVERGYS (ONSTAR-SITEL-CONVERGYS), | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on the "Motion to Rescind Defendant's Extension to Complaint and Grant Summary Judgment" (Document No. 21) filed by the Plaintiff, Dodford Law (*pro se*) on April 14, 2006, and the Defendant's response (Document No. 22) filed May 1, 2006; Plaintiff's "Motion to Complaint" (Document No. 25) filed May 30, 2006, and the Defendant's response (Document No. 26) filed June 16, 2006; the Defendant's "Motion for Modification of Case Management Plan" (Document No. 28) filed August 4, 2006; "Defendant's Motion to Compel Responses to Written Discovery" (Document No. 29) filed August 4, 2006; and the Defendant's "Request for Conference with Court" (Document No. 30) filed August 4, 2006. The parties have consented to magistrate jurisdiction under 28 U.S.C. § 636(c), and these matters are now ripe for disposition.

**I. Plaintiff's "Motion to Rescind Defendant's Extension to Complaint and Grant Summary Judgment" (Document No. 21)**

In this motion, the Plaintiff requests that the Court rescind it previous order granting the Defendant an extension of time to respond to the Plaintiff's complaint, which the Court entered on December 30, 2005. The motion was filed four months subsequent to the Court granting the Defendant an extension. Since that time, the Defendant has timely filed its answer and the

parties have conferred and agreed to a case management plan and initiated discovery. The Court, having reviewed the pleadings, finds that the Plaintiff has not presented the court with any legitimate justification for reversing its prior order allowing the Defendant an extension of time to answer the complaint.

To the extent that the Plaintiff's motion (Document No. 21) seeks summary judgment in his favor, the Court also denies that motion. The Plaintiff sets forth a "time line of events since January 2004" in support of his request for summary judgment. The Plaintiff has not carried his initial burden on his motion; Plaintiff has not presented the Court with any admissible evidence to establish that, as a matter of law, the undisputed facts warrant judgment in his favor as required by Fed. R. Civ. P. 56(c).

Accordingly, the Court denies the Plaintiff's "Motion to Rescind Defendant's Extension to Complaint and Grant Summary Judgment" (Document No. 21).

## II. Plaintiff's "Motion to Complaint" (Document No. 25)

The Plaintiff makes a number of unsupported and nonsensical requests in this motion. The Court will not restate them here. According to the Defendant, the Plaintiff has made no meaningful effort to respond to written discovery and is attempting to shortcut the ordinary procedures of a civil lawsuit by repeating unsupported allegations of wrongdoing in his numerous filings with the Court. The Court agrees with this interpretation of the Plaintiff's conduct, and finds this motion to be frivolous.

Accordingly, the Court denies the Plaintiff's "Motion to Complaint" (Document No. 25) and warns the Plaintiff that continued frivolous and unsupported motions, as well as continued disregard of the federal discovery rules, could result in the imposition of sanctions pursuant to Fed. R. Civ. P. 11(b) and 37.

## III. Defendant's "Motion for Modification of Case Management Plan" (Document No. 28) and "Motion to Compel Responses to Written Discovery" (Document No. 29)

Under the terms of the Pretrial Order and Case Management Plan (Document No. 20) filed March 31, 2006, the discovery and mediation deadlines are currently set for August 31, 2006. The dispositive motion deadline is set for October 13, 2006. The Defendant has outlined the extraordinary efforts its counsel has made to garner the Plaintiff's compliance with discovery procedures. The Court finds the Plaintiff's responses to be incomplete. The Plaintiff's refusal to cooperate has resulted in Defendant seeking this request. For good cause shown, the Court will grant the Defendant's motion in part, and extend the discovery and dispositive motion deadlines.

At this time, the Court will deny the Defendant's request for costs and attorney fees made under Fed. R. Civ. P. 37(a)(4), without prejudice to renew the request in the face of continued resistance by the Plaintiff to cooperate in the discovery process.

**IV. Defendant's "Request for Conference with Court" (Document No. 30)**

The Defendant requests an in-person conference with the parties to address the issues raised in its Motion to Compel and Motion to Modify the Case Management Plan. The Court finds the request premature but will consider setting such a conference in the event of Plaintiff's continued filing of frivolous motions and refusal to cooperate with the discovery process.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's "Motion to Rescind Defendant's Extension to Complaint and Grant Summary Judgment" (Document No. 21) is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the Plaintiff's "Motion to Complaint" (Document No. 25) is hereby **DENIED**. The Plaintiff is cautioned that filing additional frivolous and unsupported motions, and continued disregard of the federal discovery rules, could result in the imposition of sanctions pursuant to Fed. R. Civ. P. 11(b) and 37.

**IT IS FURTHER ORDERED** that Defendant's "Motion for Modification of Case Management Plan" (Document No. 28) is hereby **GRANTED**. The discovery and mediation deadlines are extended until **November 30, 2006.** The dispositive motions deadline is extended until **January 5, 2007.**

**IT IS FURTHER ORDERED** that the Defendant's "Motion to Compel Responses to Written Discovery" (Document No. 29) is **GRANTED IN PART**. The Plaintiff, Dodford Law, is ordered to respond fully to the Defendant's written discovery requests, and to provide the documents requested on or before **August 30, 2006.** The Defendant's request for costs and attorney fees is **DENIED** without prejudice to renew the request in the event Plaintiff's conduct requires an additional motion.

**IT IS FURTHER ORDERED** that the Defendant's "Request for Conference with Court" (Document No. 30) is **DENIED**.

Signed: August 16, 2006

David C. Keesler
United States Magistrate Judge