# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:05 CV 479

| | |
|---|---|
| DODFORD LAW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| CONVERGYS ) | |
| (ONSTAR-SITEL-CONVERGYS, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion to Complaint" (Document No. 33), filed October 27, 2006, and "Defendant's Motion to Dismiss and Response to Plaintiff's Motion to Complaint" (Document No. 34) and "Memorandum in Support of Defendant's Motion to Dismiss and Response to Plaintiff's Motion to Complaint" (Document No. 35), filed November 9, 2006. The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and this matter is ripe for review.

Having carefully considered the arguments, the record, and applicable authority, the undersigned will briefly defer disposition on the pending motions. In recognition of Plaintiff's *pro se* status and health complications, and out of an abundance of caution, the Court will *sua sponte* allow the Plaintiff a short extension of time.

## I. FACTUAL BACKGROUND

On December 5, 2005, Plaintiff filed an Amended Complaint (Document No. 4) alleging employment discrimination under Title I of the Americans with Disabilities Act of 1990 and Title VII of the Civil Rights Act of 1964. The "Pretrial Order and Case Management Plan" (Document

No. 20), filed March 31, 2006, required that all discovery be completed by August 31, 2006. That Order also set August 31, 2006 as the deadline for completing mediation and filing a report on the results.

"Defendant's Motion to Compel Responses to Written Discovery" (Document No. 29) was filed on August 4, 2006 and alleged that Plaintiff had refused to provide any meaningful responses to written discovery requests issued in May 2006, despite numerous requests and good faith efforts by Defendant. On August 16, 2006, the Court issued an Order (Document No. 32) extending the deadlines for discovery and mediation until November 30, 2006 and ordering that Plaintiff "respond fully to the Defendant's written discovery requests, and to provide the documents requested on or before August 30, 2006." In that Order, the Court recognized that Defendant had outlined extraordinary efforts of counsel to garner the Plaintiff's compliance with discovery procedures and found that Plaintiff's responses thus far were incomplete. In conclusion the Court "cautioned [Plaintiff] that filing additional frivolous and unsupported motions and continued disregard of the federal discovery rules could result in the imposition of sanctions pursuant to Fed. R. Civ. 11(b) and 37."

On October 27, 2006, Plaintiff filed another "Motion to Complaint" (Document No. 33). While it is unclear exactly what Plaintiff seeks in this motion, it is obvious that it does not significantly address the Court's previous Order or advance the Plaintiff's cause. Defendant's subsequent "...Motion to Dismiss..."(Document No. 34) and "Memorandum in Support..." (Document No. 35), request that the Plaintiff's lawsuit be dismissed as a sanction for his failure to "abide by the Court's August 15, 2006 Order and his complete failure to participate in discovery and otherwise prosecute his claims." Plaintiff has not responded to Defendant's most recent motion.

## II.  DISCUSSION

The undersigned finds Defendant's arguments persuasive.  Plaintiff's pursuit of his lawsuit has been at best erratic and dilatory.  Any further delay by the Plaintiff <u>will</u> result in sanctions  that may include a requirement to pay Defendant's costs, including reasonable attorney's fees, and  <u>will almost certainly include  the dismissal of this lawsuit with prejudice</u>.

Federal Rule of Civil Procedure 37(b)(2) states:

> If a party ... fails to obey an order to provide or permit discovery ... the court in which the action is pending may make such orders in regard to the failure as are just, and among others ... dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.

> In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order ... to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

In addition, Federal Rule of Civil Procedure 41(b) allows:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant  ... a dismissal under this subdivision ... operates as an adjudication on the merits.

Although the Court's previous Order (Document No. 32) warned the *pro se* Plaintiff of the possibility of sanctions, out of an abundance of caution, the undersigned issues this final warning and extension of time.  The Fourth Circuit "has emphasized the significance of warning a defendant about the possibility of default before entering such a harsh sanction."  <u>Hathcock v. Navistar Int'l Transp. Corp.</u>, 53 F.3d 36, 40 (4th Cir. 1995); <u>see also</u>, <u>Choice Hotels Int'l v. Goodwin & Boone</u>, 11 F.3d 469, 473 (4th Cir.1993) and  <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975).

## III.  ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff shall file a response to "Defendant's

Motion to Dismiss..." (Document No. 34) and "Memorandum in Support..." (Document No. 35) on or before **January 22, 2007**. Failure to respond to the pending motion, and/or failure to persuade the Court that this action should not be dismissed, will likely lead to sanctions including dismissal of the lawsuit.

    **SO ORDERED**.

Signed: January 8, 2007

David C. Keesler
United States Magistrate Judge